UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUSTIN HAZEL,

                Petitioner,

v.

ROBERT CHETIRKIN and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,

                Respondents.

Civil Action No. 21-19981 (JXN)

**MEMORANDUM AND ORDER**

**NEALS**, District Judge

    Petitioner Justin Hazel ("Petitioner"), an individual currently confined at East Jersey State Prison in Rahway, New Jersey, filed the instant petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondents have filed a motion to dismiss (the "Motion") the Petition as time-barred (ECF No. 13), and Petitioner filed a reply (ECF No. 14). The Court has thoroughly reviewed the parties' submissions and finds that supplemental briefing on the issue of timeliness is warranted.

    According to the records provided by the parties, an Essex County Grand Jury returned Indictment 11-07-1306, charging Petitioner with murder, N.J.S.A. § 2C:11-3A(1)(2) (count one); unlawful possession of a weapon, N.J.S.A. § 2C:39-5D (count two); and possession of a weapon for an unlawful purpose, N.J.S.A. § 2C:39:4D (count three). (ECF No. 13-1 at 1.) On September 14, 2012, a jury found Petitioner guilty of all counts of the Indictment. (*Id.*) On April 15, 2013, the Honorable Thomas M. Moore, J.S.C., sentenced Petitioner to a total of thirty-six-and-one-half (36.5) years imprisonment, with an 85% period of parole ineligibility pursuant to the No Early Release Act ("NERA"), N.J.S.A. § 2C:43-7.2. (*Id.*) Petitioner filed a direct appeal.

On September 23, 2015, the Appellate Division affirmed Petitioner's conviction but remanded for reconsideration of whether the sentences should run consecutively or concurrently. (*See* ECF No. 13-2.) On remand, the sentences for his three charges were run concurrently, resulting in a reduction of his sentence to 35 years, with 30 years of parole ineligibility. (*See* ECF No. 13 at 2.) On January 21, 2016, the New Jersey Supreme Court denied Petitioner's petition for certification. (ECF No. 13-3.)

Respondents submit that on March 13, 2018, Petitioner filed a Petition for Post-Conviction Relief ("PCR"), which the trial court denied. (ECF No. 13 at 2, citing ECF No. 13-4.) Respondents argue that at the time of the filing of his PCR petition, the instant federal habeas petition was already untimely. (*See id.*) However, in his response to Respondents' Motion, Petitioner argues that his PCR petition was originally filed on August 23, 2016, and was dismissed without prejudice on June 30, 2017, with instruction to re-file by April 14, 2018. (*See* ECF No. 14 at 3.) Petitioner also argues that Respondents erred in stating that his PCR was filed on March 13, 2018, when it was filed on April 13, 2018. (*Id.*) Respondents have not filed a reply brief.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996) imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). "[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final" and, second, the period during which an application for state PCR was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review or the expiration of time for seeking such review, including the ninety (90)day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012). The AEDPA limitations period is tolled during the time a properly filed PCR petition is pending in the state courts. 28 U.S.C. § 2244(d)(2); *see also Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013). A properly filed application is one that the Court accepts for filing by the appropriate court officer, and the Petitioner files the application within the time limits prescribed by the relevant jurisdiction. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

It appears that Petitioner's conviction became final within the meaning of AEDPA on April 20, 2016, ninety (90) days after the New Jersey Supreme Court denied certification of his direct appeal on January 21, 2016. (ECF No. 13-3); *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013) ("[T]he expiration of the time for seeking direct review is the

deadline for petitioning for certiorari to the United States Supreme Court.") Thus, absent statutory tolling, Petitioner's AEDPA one-year time limitation expired one year later, on April 20, 2017.

To qualify for statutory tolling, a post-conviction petition must be "properly filed" and "pending" in the state courts. 28 U.S.C. § 2244(d)(2). In New Jersey, petitioners have five years from the date the trial court enters a judgment of conviction to file a PCR petition. See N.J. Ct. R. 3:22-12(a). A timely PCR petition filed during the AEDPA's one-year limitations period will toll the limitations period; a timely PCR petition filed after the expiration of the one-year limitations period, however, will not revive that one-year period. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed."); *see also*, *e.g.*, *Rodriguez v. New Jersey*, No. 18-12570, 2019 WL 2193498, at *2 (D.N.J. May 20, 2019); *Banks v. Pierce*, No. 17-2961, 2018 WL 1446402, at *3 (D.N.J. Mar. 23, 2018); *Shoatz v. DiGuglielmo*, No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCR[ ] petitions were filed after his one-year limitation period expired . . . none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

Respondents argue that Petitioner submitted his first PCR petition on March 13, 2018, after the AEDPA one-year time period for filing a timely federal habeas petition had expired on April 20, 2017. Therefore, Respondents argue that Petitioner's PCR petition did not toll the AEDPA limitations period, and the instant Petition is untimely. However, Petitioner submits that his PCR petition was originally filed on August 23, 2016. Petitioner appears to argue that because the PCR petition was dismissed without prejudice on June 30, 2017, with instruction to re-file by April 14, 2018, his AEDPA limitations period was tolled during the entirety of that time. As Respondents

4

failed to address Petitioner's August 23, 2016 filing and the effect, if any, it had on Petitioner's AEDPA limitations period, the Court finds that supplemental briefing is necessary on this issue.

Petitioner does not present any basis for equitable tolling in his response to Respondents' Motion. The Court will provide Petitioner an opportunity to address any equitable tolling arguments he may have in his reply to Respondents' supplemental briefing. Accordingly, in the interests of justice,

**IT IS** on this 28th day of January 2025,

**ORDERED** that within thirty (30) days of the date of this Order, Respondents shall file supplemental briefing addressing Petitioner's August 23, 2016 PCR filing and its effect on his AEDPA limitations period, attaching any exhibits that evince all relevant state court filing dates; it is further

**ORDERED** that Petitioner may file a reply within fourteen (14) days of the receipt of Respondents' supplemental briefing, including any equitable tolling arguments that he may wish to raise; it is further

**ORDERED** that Respondents' motion to dismiss (ECF No. 13) is **ADMINISTRATIVELY TERMINATED** pending receipt of the ordered supplemental briefing, to be reopened by the Court upon receipt of Respondents' supplemental briefing; and it is finally

**ORDERED** that the Clerk of Court shall serve a copy of this Order upon Petitioner by regular U.S. mail and upon Respondents electronically.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge