UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUSTIN HAZEL,

            Petitioner,

v.

ROBERT CHETIRKIN AND THE
ATTORNEY GENERAL OF THE STATE
OF NEW JERSEY,

            Respondents.

Civil Action No. 21-19981 (JXN)

**OPINION**

**NEALS**, District Judge

    This matter comes before the Court upon Respondents' supplemental motion to dismiss ("Supplemental Motion") *pro se* Petitioner Justin Hazel's Amended Petition for a writ of habeas corpus ("Amended Petition") pursuant to 28 U.S.C. § 2254 as time-barred. (ECF No. 16.) Petitioner, an individual currently confined at East Jersey State Prison in Rahway, New Jersey, filed a reply. (ECF No. 17.)

    The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons expressed below, Respondents' Supplemental Motion is **GRANTED**, and the Amended Petition is **DISMISSED** *with prejudice*, and no certificate of appealability shall issue.

    **I.**    **BACKGROUND**

    An Essex County Grand Jury returned Indictment 11-07-1306, charging Petitioner with murder, N.J.S.A. § 2C:11-3A(1)(2) (Count One); unlawful possession of a weapon, N.J.S.A. § 2C:39-5D (Count Two); and possession of a weapon for an unlawful purpose, N.J.S.A. § 2C:39-

4(d) (Count Three). (*See* ECF No. 13-1 at 1.) On September 14, 2012, a jury found Petitioner guilty on all counts of the Indictment. (*See id.*) On April 15, 2013, the Honorable Thomas M. Moore, J.S.C., sentenced Petitioner to a total of thirty-six-and-one-half (36.5) years imprisonment, with an 85% period of parole ineligibility pursuant to the No Early Release Act ("NERA"), N.J.S.A. § 2C:43-7.2. (*Id.*)

Petitioner filed a notice of appeal, and on September 23, 2015, the Appellate Division affirmed Petitioner's conviction but remanded for reconsideration of whether the sentences should run consecutively or concurrently. (*See* ECF No. 13-2.) On remand, the sentences for his three charges were run concurrently, resulting in a reduction of his sentence to 35 years imprisonment, with 30 years of parole ineligibility. (*See* ECF No. 13 at 2.) On January 21, 2016, the New Jersey Supreme Court denied Petitioner's petition for certification. (*See* ECF No. 13-3.)

On August 23, 2016, Petitioner filed his first Petition for Post-Conviction Relief ("PCR"). (ECF No. 14 at 6-10.) However, on June 30, 2017, Petitioner, through counsel, withdrew his first PCR petition. (*See id.* at 12.) The Essex County Superior Court, Law Division dismissed the PCR petition without prejudice and ordered Petitioner to file "a new post-conviction relief petition by April 14, 2018." (*Id.*)

On April 13, 2018,[1] Petitioner filed his second PCR petition, which the PCR court denied on March 19, 2019. (*Id.* at 14; ECF No. 13-4 at 1.) On November 4, 2020, the Appellate Division affirmed the PCR court's denial of post-conviction relief. (*See* ECF No. 13-4.) The New Jersey Supreme Court denied certification on June 15, 2021. (*See* ECF No. 13-5.)

---

[1] The Appellate Division indicated that Petitioner filed his PCR petition on March 13, 2018. (ECF No. 13-4 at 1.) Petitioner submits that the Appellate Division's notation that his petition was filed on March 13, 2018, was a typographical error. (ECF No. 14 at 3.) Petitioner argues that his PCR petition was filed on April 13, 2018, and has provided the initial page of his PCR petition, which is dated April 13, 2018. (*Id.* at 14.) It appears that the Appellate Division's use of March 13, 2018, as the filing date was a typographical error. The Court notes that the difference in these two dates does not change the outcome of this decision.

2

Petitioner filed a third PCR petition, which the PCR court denied on August 24, 2020. (*See* ECF No. 13 at 2; *see also* ECF No. 13-6 at 1.) Petitioner did not appeal. (*Id.*)

On November 12, 2021, Petitioner filed his initial petition for habeas relief. (ECF No. 1.) On January 27, 2022, Petitioner filed a motion for stay and abeyance and the instant Amended Petition. (ECF Nos. 3 and 4.) On March 29, 2022, the Court granted Petitioner's motion for stay and abeyance. (ECF No. 5.)

On January 18, 2022, Petitioner filed a fourth PCR petition, which was dismissed as time-barred. (*See* ECF No. 13-6 at 1.) On November 6, 2023, the Appellate Division affirmed the PCR court's dismissal. (ECF No. 13-6.) On May 17, 2024, the New Jersey Supreme Court denied certification. (ECF No. 13-7.)

On June 4, 2024, following the Supreme Court's denial of certification, Petitioner filed a letter request to reopen this federal habeas proceeding. (ECF No. 6.) On June 24, 2024, the Court ordered this matter reopened and ordered an answer from Respondents. (ECF No. 7.) Respondents filed a motion to dismiss, arguing that the Amended Petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 13.) Petitioner filed a reply. (ECF No. 14.) The Court ordered supplemental briefing. (ECF No. 15.) Respondents filed a supplemental motion to dismiss (ECF No. 16), and Petitioner filed a reply (ECF No. 17).

The matter is now ripe for decision without oral argument. Fed. R. Civ. P. 78(b).

**II.    DISCUSSION**

The AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). "[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and second, the time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of *certiorari* in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

Here, on January 21, 2016, the New Jersey Supreme Court denied Petitioner's petition for certification on direct appeal. Petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court. Thus, Petitioner's conviction became final within the meaning of AEDPA on April 20, 2016, when Petitioner's 90-day period for seeking *certiorari* with the United States Supreme Court expired. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013) ("[T]he expiration of the time for seeking direct review is the deadline for petitioning for *certiorari* to the United States Supreme Court.") Petitioner's AEDPA one-year time limitation expired one year later, on April 20, 2017. *See* § 2244(d)(1)(A). Petitioner did not file his initial

4

habeas petition until November 12, 2021. (ECF No. 1.) Therefore, absent statutory tolling, his initial petition is untimely.

### A. Statutory Tolling

The AEDPA limitations period is tolled during the time a properly filed PCR petition is pending in the state courts. 28 U.S.C. § 2244(d)(2); *see also Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013). A properly filed application is one that the Court accepted for filing by the appropriate court officer, and the Petitioner filed the application within the time limits prescribed by the relevant jurisdiction. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). In New Jersey, petitioners have five years from the date the trial court enters a judgment of conviction to file a PCR petition. *See* N.J. Ct. R. 3:22-12(a).

A timely PCR petition filed during the AEDPA's one-year limitations period will toll the limitations period; a timely PCR petition filed after the expiration of the one-year limitations period, however, will not revive that one-year period. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed."); *see also, e.g.*, *Rodriguez v. New Jersey*, No. 18-12570, 2019 WL 2193498, at *2 (D.N.J. May 20, 2019); *Banks v. Pierce*, No. 17-2961, 2018 WL 1446402, at *3 (D.N.J. Mar. 23, 2018); *Shoatz v. DiGuglielmo*, No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCR[] petitions were filed after his one-year limitation period expired . . . none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

In the present case, Petitioner argues that he filed his first PCR petition on August 23, 2016, statutorily tolling the one-year statute of limitations, after only 125 days of the AEDPA limitations

5

period had run. (ECF No. 17 at 3-4.) Petitioner's first PCR petition was pending for 311 days, until it was voluntarily withdrawn and dismissed without prejudice on June 30, 2017. (ECF No. 14 at 12.) Petitioner argues that because the PCR dismissed his first petition without prejudice and instructed Petitioner to "refile" his PCR petition by April 14, 2018, the AEDPA limitation period remained statutorily tolled for the entirety of the time from the June 30, 2017 dismissal without prejudice until he filed his second PCR petition on April 13, 2018, before the PCR court instructed April 14, 2018 deadline. (ECF No. 17 at 3-4.)

Petitioner's AEDPA limitations period was not tolled following the state court's dismissal without prejudice of his initial PCR petition. The Court agrees that Petitioner's initial PCR petition was properly filed and tolled the limitation period while it was pending in state court. *Jenkins*, 705 F.3d at 85. However, the state court order indicates that the PCR petition was voluntarily withdrawn. (ECF No. 14 at 12.) Once that PCR petition was dismissed without prejudice based on the voluntary withdrawal, Petitioner no longer had a petition pending in state court. Petitioner argues that the state court ordered Petitioner to "refile" his petition by April 14, 2018. The state court instructed Petitioner to file a "new post-conviction relief petition by April 14th, 2018." (ECF No. 14 at 12.) New Jersey requires a first PCR petition to be filed within five (5) years of the entry of the judgment of conviction, which in the instant case was April 15, 2013. N.J. Ct. R. 3:22-12(a). Accordingly, it appears that the state court was instructing Petitioner that any new PCR petition needed to be filed by April 14, 2018, the expiration of the five-year limitations period after sentencing for filing a timely PCR petition.

As noted above, 125 days of the AEDPA limitations period had run at the time Petitioner's first PCR petition was filed on August 23, 2016. The one-year limitations period was then tolled

for 311 days until the PCR petition was voluntarily withdrawn and was dismissed without prejudice on June 30, 2017.

The AEDPA one-year limitation period for filing a timely habeas petition began to run again on July 1, 2017, with 240 days remaining. Therefore, Petitioner had 240 days from July 1, 2017, or until February 26, 2018, to file a timely petition for writ of habeas corpus. Petitioner's initial habeas petition was filed on November 12, 2021, approximately three years and nine months after the time for filing a timely habeas petition had expired.[2] Therefore, absent equitable tolling, Petitioner's Amended Petition is untimely.

### B. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling based on inaccurate advice provided to him by appellate counsel.

In *Holland v. Florida*, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649-50 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuiglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a

---

[2] The AEDPA limitations period had already expired at the time Petitioner's filed his second PCR petition on April 13, 2018. Therefore, that PCR petition had no effect on the timeliness of the instant Amended Petition.

court should be sparing in its use of the doctrine." *Ross*, 712 F.3d at 799 (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

A court must determine whether extraordinary circumstances exist to warrant equitable tolling. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner argues that the AEDPA statute of limitations should be equitably tolled because appellate counsel's inaccurate advice was an extraordinary circumstance that prevented him from filing a timely habeas petition. Petitioner argues that appellate counsel told him that the dismissal of his first PCR petition without prejudice meant that all state and federal deadlines were "halted at least until April 14th 2018," and that filing a new PCR petition "before that date would continue to halt the federal clock." (ECF No. 17 at 5-6.) Generally, a petitioner's attorney's excusable

8

neglect does not present an extraordinary circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted). Petitioner's ignorance of or confusion regarding the law or even his state court counsel's ignorance of the law does not constitute extraordinary circumstances. "In non-capital cases, 'attorney error, miscalculation, inadequate research, or other mistakes have not been found [by this Court] to rise to the extraordinary circumstances required for equitable tolling.'" *United States v. Bendolph*, 409 F.3d 155, 170 (3d Cir. 2005) (citing *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)); *see also Merritt v. Blaine*, 326 F.3d 157, 170 (3d Cir. 2003) (no equitable tolling based on confusion regarding law); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (joining other courts in rejecting the argument "that an attorney's mistake in determining the date a habeas petition is due constitutes extraordinary circumstances for purposes of equitable tolling").

Petitioner has not shown why he was unable to file his § 2254 petition by the February 26, 2018, deadline; instead, he waited over three and a half years from that date to file the instant habeas petition in November 2021. It is not enough for Petitioner to state that he was unaware of the limitations period or that counsel incorrectly advised him of such. A *pro se* prisoner's lack of legal knowledge does not suffice to establish extraordinary circumstances for equitable tolling, *Ross*, 712 F.3d at 799-800, nor does incorrect advice from an attorney justify equitable tolling in non-capital cases. *Johnson*, 314 F.3d at 163; s*ee Holland*, 560 U.S. at 651-52 (a "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.") (internal quotation marks omitted).

Petitioner has failed to satisfy the "extraordinary circumstances" prong of equitable tolling. Accordingly, Petitioner is not entitled to equitable tolling. Respondents' motion to dismiss is granted, and the Petition is dismissed with prejudice as time-barred.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court further held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

For the reasons discussed above, Petitioner has not met this standard as his habeas petition is untimely. This Court will not issue a certificate of appealability.

### IV. CONCLUSION

For the reasons stated above, Respondents' Supplemental Motion to Dismiss (ECF No. 16) is **GRANTED**, Petitioner's amended habeas petition (ECF No. 4) is **DISMISSED** *with prejudice* as untimely, and a certificate of appealability shall not issue. An appropriate order follows.

**DATED**: July 18, 2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge